# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**RUBEN ORLANDO ESCOBAR**,

    Petitioner,

-vs-                                      CASE NO: 8:07-cv-01979-JSM-EAJ
                                                        Crim. Case No: 8:02-CR-228-T-30EAJ

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

# **ORDER**

THIS CAUSE comes before the Court for consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1) (CR Dkt. #299), Petitioner's Motion for Acknowledgment of Clerical Error and for Equitable Tolling Nunc Pro Tunc (CV Dkt. #3) and the Government's Response in Opposition to Petitioner's Motion to Vacate, Set Aside or Correct Sentence (CV Dkt. #7). After reviewing the motions, response and record, the Court finds that Petitioner's Motion for Acknowledgment of Clerical Error and for Equitable Tolling Nunc Pro Tunc should be granted, and Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 should be denied for the reasons set forth below.

## BACKGROUND

On May 29, 2002, Petitioner and eight other defendants were convicted in a jury trial of the following charges: (1) possessing five kilograms or more of a mixture or substance containing a detectable amount of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 App. U.S.C. § 1903(a) and 1903(g)[1], 18 U.S.C. § 2, and 21 U.S.C. § 841(b)(1)(A)(ii); and (2) conspiracy to possess cocaine with intent to distribute while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903 subsections (a),(g), and (j), and 21 U.S.C. § 841(b)(1)(A)(ii).

Petitioner and his co-defendants were members of a crew aboard a fishing vessel known as the *Punta del Este* ("*Punta*") that was interdicted in the Pacific Ocean. At trial, the government put on evidence that 4,665 kilograms of cocaine, valued at $100,000,000, were found aboard the vessel while the fishing equipment - - - rusted hooks, unused fishing line, tangled fishing net, cluttered deck, ice in blocks in the fish hold - - - indicated that the defendants were not engaged in fishing activity.

On February 14, 2003, Petitioner was sentenced to 292 months imprisonment and five years of supervised release. Petitioner and the co-defendants appealed their convictions to the United States Court of Appeals for the Eleventh Circuit. On March 4, 2004, the Eleventh Circuit affirmed some of the defendants' convictions, including Petitioner's, but vacated the sentences of four co-defendants.

---

[1] Chapter 46 App. U.S.C. § 1903 was amended in October of 2006, and can now be found at 46 U.S.C. § § 70503 - 70507.

On March 28, 2005, Petitioner filed a Motion for Leave to File Petitioner's Brief and Arguments Out of Time re: 2255 Motion and Motion for an Order that Petitioner Should be Provided with Pretrial, Trial, and Sentencing Transcripts Without Cost ("Motion for Leave to File Out of Time"). The Court was not aware that Petitioner actually attached a § 2255 Petition to his March 28, 2005 Motion because Petitioner did not mention it in his Motion. Nonetheless, in that § 2255 Petition attached to the Motion, Petitioner asserted five claims for ineffective assistance of counsel based on counsel's failure to: (1) understand or investigate the effect of Amendment 635 on §3B1.2 of the United States Sentencing Guidelines; (2) provide assistance of counsel to Petitioner; (3) urge the court to weigh Petitioner's culpability against that of his co-conspirators; (4) challenge the sufficiency of evidence supporting the charges, and adequately evaluate the plea agreements and safety valve; and (5) for laboring under conflict of interest. On July 29, 2005, the Motion for Leave to File Out of Time was denied.

On March 3, 2006, Petitioner filed a Motion for Relief Pursuant to Rule 60(b) seeking relief from the July 29, 2005 Order, asserting that he was never told that his § 2255 Petition had been denied. The Rule 60(b) Motion was denied on April 13, 2006. On November 1, 2007, Petitioner filed the pending Motion to Vacate under § 2255. Petitioner raises seven claims, including six claims that counsel was ineffective for failing to:

(1) investigate the possibility of a downward departure under U.S.S.G. § 3B1.2 and Amendment 635, and challenge the sentence for being disparate from identically situated co-defendants;

(2) provide effective assistance at the trial and appellate levels;

(3) adequately defend Petitioner due to a conflict of interest;

(4) urge the Court to weigh Petitioner's culpability against his co-defendants;

(5) request that all defendants be re-sentenced to correct the disparity in sentences;

(6) challenge the sufficiency of the evidence supporting the charges and seek a plea that would have resulted in a downward departure;

and also

(7) the Court did not have jurisdiction to hear the case because there was no "case or controversy," and the Maritime Drug Law Enforcement Act is unconstitutional.

Petitioner's original § 2255 Petition was deemed denied because it was filed as an attachment to the Motion to File Out of Time which was denied. The Court didn't realize the § 2255 Petition existed. Had the § 2255 Petition been filed separately, and not as an attachment, it would have been timely. Therefore, the Court will reinstate the original § 2255 Petition, consider it timely, construe the latest § 2255 Petition as an Amended Petition, and address the merits.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, a prisoner may file a habeas corpus petition within one-year of the date upon which their conviction becomes final to challenge their sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or otherwise subject to collateral attack." 28 U.S.C. § 2255; 28 U.S.C. § 2244(d)(1)(A).

In analyzing ineffective assistance of counsel claims, this Court must apply *Strickland v. Washington*, 466 U.S. 668 (1984). To establish a *prima facie* claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was (1) deficient, and (2) that the deficient performance prejudiced the defense. *Id*. at 684. The *Strickland* standard defines the proper measure of attorney performance as "reasonableness under prevailing professional norms," but counsel is "strongly presumed" to have rendered adequate assistance. *Id.* at 694. Petitioner's case is prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "The issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). Further, vague, conclusory, speculative, or unsupported claims are insufficient to support claims of ineffective assistance of counsel. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992).

## DISCUSSION

**Ground One:** Counsel was ineffective for failing to investigate the possibility of a downward departure under U.S.S.G. § 3B1.2 and Amendment 635 and challenge the sentence because it is disparate from identically situated co-defendants.

Petitioner argues that counsel was ineffective for failing to investigate the laws under which Petitioner was convicted: 21 U.S.C. § 841(b)(1) and U.S.S.G. § 3B1.2. Petitioner

contends that the quantity of drugs indicated on the indictment - five kilograms or more - was not specific, so he was not accurately sentenced under § 841(b)(1). (CV Dkt. #2 at 24.) Petitioner also claims that counsel failed to argue for a sentencing reduction based on his minor role.

Contrary to Petitioner's arguments, counsel did argue for a sentencing reduction based on Petitioner's minor role. At Petitioner's sentencing hearing, counsel argued as follows:

> ". . . we would urge the court to consider minor role. Again, the evidence in this case as to Mr. Escobar was that he was at worst - - as far as role in the crew, nothing more than a deckhand or a fisherman. The only testimony concerning his involvement at all was what little came in through the government's witness as to what Mr. Escobar's initial statement was, which was essentially that he had - - that he was a fisherman . . . . As to, again, any evidence whatsoever, any equity interest in the drugs, any role in the planning, role in the distribution, even role in the navigation as to where they were going or knowledge of where they were going specifically or specific knowledge of where on the boat even that the drugs were concealed, there was no actual evidence in trial that Mr. Escobar possessed any of that. And in looking at the role in the offense, both de Varon and the guidelines themselves look to things like the  - - how much relative knowledge that an individual has of the overall scope of the conspiracy for which they're being charged. And I would urge the court to consider those factors in assessing and urge the court to assess a minor role." (CR Dkt. #224 at 12-13.)

Further, the Eleventh Circuit reviewed this issue and affirmed Petitioner's sentence on direct appeal. (CV Dkt. #7, Ex. 7-4 at 2.) Specifically, the Eleventh Circuit found that (1) Petitioner was necessary to offload 268 bales of cocaine at sea so this Court did not err in concluding that Petitioner played an important role in the operation (CV Dkt. #7, Ex. 7-4 at 10); and (2) the Government "presented sufficient evidence to support the defendants convictions." (CV Dkt. #7, Ex. 7-4 at 5.) Therefore, Petitioner has not satisfied the first

prong of *Strickland* - that counsel performed deficiently.

Petitioner also contends that he is entitled to relief because of the disparity in sentences between him and his co-defendants. Defendant is correct that some co-defendants received lesser sentences (121 months) than his sentence of 292 months because they received minor role reductions which this Court later attempted to change but was reversed for doing so. This Court, in its opinion denying similarly situated co-defendant Sigifredo Oliveros-Estupinan's § 2255 Motion, determined that all defendants should have received a sentence of at least 292 months. *Oliveros-Estupinan v. United States*, 2006 WL 2092642 (M.D. Fla., July 27, 2006). However, the Eleventh Circuit held on appeal that the Court could not amend the 121 month sentences of four co-defendants after having previously stated their sentences on the record. (CV Dkt. #7, Ex. 7-4 at 7.) Although some co-defendants received lesser sentences, this is not a sufficient reason to vacate Petitioner's sentence which this Court, and the Eleventh Circuit, deemed appropriate. For these reasons, ground one is denied.

**Ground Two:** Failing to provide effective assistance at the trial and appellate levels.

In support of ground two, Petitioner lists seventeen instances of ineffective assistance of counsel. For the reasons stated below, the Court concludes that Petitioner is not entitled to relief on this ground.

Among other errors, Petitioner contends that trial counsel committed error by failing to: (1) raise motions in limine or object to the testimony of the Government's expert fishing witness; (2) present an expert to challenge the Government's expert; (4) present witness

testimony about fishing practices and equipment accepted in Colombia; (5) conduct a reasonable pre-trial investigation; and (17) call any defense witnesses. The record conclusively refutes Petitioner's claim that counsel failed to object to the Government's fishing expert (presumably the National Oceanic and Atmospheric Administration Fisheries, Office of Law Enforcement special agent, Daniel O'Brien). On the fifth day of trial, defense counsel made both a motion to strike, and a motion in limine to strike Mr. O'Brien's testimony from the record. (CR Dkt. #78.) Just because the Court denied counsel's motions, does not mean that counsel's performance was deficient.

Petitioner's arguments that counsel was ineffective for failing to investigate, obtain documents, and call witnesses are wholly conclusory. Vague, conclusory statements are insufficient to support a claim for ineffective assistance of counsel. Petitioner fails to indicate how the pre-trial investigation should have been conducted, or identify any witnesses or experts which could have been called for the defense. Petitioner also makes an unsupported claim at issue eight (8) that his conviction was "based on less than proof beyond a reasonable doubt." As the Eleventh Circuit stated, the Government's evidence at trial was sufficient to establish that Petitioner and co-defendants were not on a fishing trip, especially in light of the large amount of cocaine found on board the vessel. (CV Dkt. #7, Ex. 7-4 at 5.) A defendant's presence is more significant when the value of the contraband is high because "it is highly improbable that drug smugglers would allow an outsider on board a vessel filled with millions of dollars worth of contraband." *United States v. Cruz-Valdez*, 773 F.2d 1541, 1546 (11th Cir. 1985). For these reasons, issues one, two, four, five, eight and

seventeen fail.

The Court now turns to other issues raised in Ground Two. Petitioner argues in issue three that trial counsel was ineffective for failing to challenge the court's authority to hear the case under the Article III "case or controversy" requirement, and failing to challenge the United States' authority to board the *Punta* vessel. Petitioner fails to point to any law or binding authority upon which counsel could raise such an objection.

To the contrary, under the Maritime Drug Law Enforcement Act ("MDLEA"), it is "unlawful for any person . . . on board a vessel subject to the jurisdiction of the United States, . . . to knowingly or intentionally . . . possess with intent to manufacture or distribute, a controlled substance." 46 App. U.S.C. § 1903. A vessel is "subject to the jurisdiction to the United States" if it is registered in a foreign country where its country of origin has consented or waived its objection to the enforcement of the laws of the United States, by the United States. *Id.* at § 1903(c)(1)(E). "Jurisdiction of the United States with respect to vessels subject to this chapter is not an element of any offense. All jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge." *Id.* at § 1903(f). *See also United States v. Madera-Lopez*, 190 Fed. Appx. 832 (11th Cir. 2006). Under these MDLEA provisions, the United States had jurisdiction over the *Punta* vessel, and therefore, counsel would not have had a legal basis upon which to raise a challenge to the Government's authority to board and seize the *Punta* vessel. Further, the Eleventh Circuit has rejected constitutional challenges to the MDLEA. *See United States v. Rendon*, 354 F.3d 1320, 1326-28 (11th Cir. 2003) (rejecting argument that the MDLEA is

constitutional for awarding jurisdiction over conduct without nexus to the United States); *United States v. Mena*, 863 F.2d 1522, 1527 (11th Cir. 1989) (rejecting a challenge based on lack of "meaningful relationship" to the United States).

Petitioner has failed to demonstrate that by failing to challenge the Government's jurisdiction, counsel performed deficiently under the first prong of *Strickland*. Counsel's assistance can not be deemed ineffective because counsel failed to raise frivolous claims. *Chandler v. Moore*, 240 F.3d 907, 917-18 (11th Cir. 2001) (rejecting argument for ineffective assistance of counsel where counsel failed to raise a non-meritorious claim). Therefore, issue three will be denied.

Petitioner claims in issue ten (10) that counsel failed to obtain evidence that demonstrated that the boat was primarily used for fishing, and was not destined for the United States. This argument fails because the Eleventh Circuit concluded that "the government's evidence regarding the *Punta*'s fishing equipment — rusted hooks, unused fishing line, tangled fishing net, cluttered deck, ice in blocks in the fishhold — supports an inference that the defendants were not engaged in fishing activity, [and] we conclude that the government presented sufficient evidence to support the defendants convictions." (CV Dkt. #7, Ex. 7-4 at 5.) Accordingly, issue ten will be denied.

At issue six, Petitioner contends that counsel was ineffective for allowing an unconstitutional sentence to stand. At issue 13, Petitioner reiterates his claim that counsel erred by failing to argue the disparity in sentencing between him and his co-defendants. The record reveals, however, that counsel challenged Petitioner's sentence on direct appeal.

Further, the Eleventh Circuit acknowledged the disparity in sentences between Petitioner and co-defendants, and ultimately affirmed Petitioner's sentence. This directly contradicts Petitioner's claim. For these reasons, issues six and thirteen fail.

At issue 11, Petitioner claims that counsel failed to object to the prosecutor's objections at the January 17, 2003 sentencing hearing. Petitioner was not even sentenced at the January 17th hearing. Therefore, even if the claim were true, Petitioner can not demonstrate that this failure resulted in actual prejudice under *Strickland*. Therefore, this issue will be denied.

At issues seven (7), nine (9) and fourteen (14), Petitioner claims that counsel failed to provide effective assistance based on counsel's strategy decisions at trial. Petitioner claims that he was denied the right to testify, and that counsel failed to adequately present an actual innocence defense because counsel wanted Petitioner to plead guilty. Petitioner merely makes conclusory statements in support of these claims. He points to no evidence to support his allegations. An ineffective assistance of counsel claim can not be supported by bald, unsupported statements. Further, Petitioner is factually incorrect in his argument that counsel failed to present evidence or argue actual innocence. In closing arguments, defense counsel argued that Petitioner and his co-defendants could not be expected to know about the cocaine because it was in a hidden compartment, and took the Coast Guard three days to find. Just because the argument was not persuasive to the jury, does not mean that Petitioner was provided ineffective assistance. Therefore, issues seven, nine and fourteen are denied.

At issues twelve (12) and fifteen (15), Petitioner argues that counsel was ineffective for failing to ensure that Petitioner understood the interpreter, and failing to impeach the Government's testimony with regard to the "'Libreta de Embarque' Embarkation Registration Tablet." Again, Petitioner fails to meet either prong of *Strickland* because he fails to support his allegations. Petitioner does not cite to any instances where counsel failed to answer his questions, or where he could not understand the court-appointed interpreters. Petitioner also fails to suggest how counsel could have impeached the Government's testimony regarding the Embarkation Registration Tablet, or how such an impeachment would have affected the outcome of his case. Therefore, Petitioner is not entitled to relief on these issues.

At issue sixteen (16), Petitioner incorporates fourteen claims of ineffective assistance of counsel that were previously asserted in his brief. The majority of Petitioner's claims have already been addressed herein.[2] However, Petitioner makes three additional ineffective assistance of counsel claims. Petitioner asserts that counsel was ineffective for failing to: allow Petitioner to review the evidence, obtain information regarding "Petitioner's poorness," and challenge Petitioner's knowledge of a weapon found onboard. However, Petitioner's underlying assertion supporting issue sixteen is factually incorrect - - a review of the sentencing transcript reveals that counsel extensively argued about Petitioner's knowledge of the firearm found onboard the *Punta*. (CR Dkt. #224 at 13-14.) Specifically, counsel

---

[2]Claims 1-3, and 9-14 have been addressed at Ground Two. Claims 5 and 6 are addressed at Ground Seven.

argued that, "there is no evidence that my client had any knowledge . . . [or] would have known or expected that anyone would have firearms." (CR Dkt. #224 at 14.) Counsel also argued about Petitioner's alleged "poorness" by discussing his living conditions as follows:

> "They are pictures of his home. There is an exterior picture showing essentially a wood frame - - I would characterize it as a shack. But the picture speaks for itself - - lacking either windows or physical glass windows or even screening. It appears to be an extremely, I'll call it, rustic dwelling. There is a picture of the interior, what you might want to call the living room or dining room area. . . . . Those are the conditions under which my client finds himself in Buenaventura, which is his residence. And as to his role in the offense, he wished to - - he wishes the court to consider those [pictures] as well as evidence of his ability to have anything to do with such things as the equity interest in the drugs and the likelihood of his role in the planning or distribution to be of any significance." (CR Dkt. #224 at 15-16.)

Petitioner's attorney tried to have Petitioner's sentence reduced based on his alleged "poorness," and his lack of knowledge of the weapon found onboard. Just because counsel was unsuccessful doesn't mean his performance was deficient. Therefore, these claims fail. Petitioner also can not prove that the defense was prejudiced by counsel's failure to allow him to review the evidence, even if true, because the Eleventh Circuit found that the Government presented sufficient evidence to support Petitioner's conviction. Therefore, these three claims fail the second prong of *Strickland*, and ground 16 is denied.

**Ground Three:** Laboring under a conflict of interest.

Petitioner claims that counsel had a personal interest in having Petitioner plead guilty which was at odds with Petitioner's claim of actual innocence. Petitioner argues that as a result, counsel failed to "zealously seek defenses or evidence toward Petitioner's actual innocence," allow Petitioner to testify at trial, or ensure that Petitioner understood the

proceedings. (CV Dkt.# 2 at 33.)

Strategic decisions rendered by counsel after a complete review of relevant laws and facts are "virtually unchallengeable." *Strickland*, 466 U.S. at 690-91. Petitioner can not meet his burden by showing that counsel could have chosen a different course at trial. *White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Rather, Petitioner must show that counsel did not do what was constitutionally compelled to provide adequate counsel. *Accord Chandler*, 218 F.3d at 1313 (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

Counsel's evaluation of Petitioner's case, and decisions about trial strategy do not form a conflict of interest. Further, Petitioner was not prejudiced even if counsel wanted Petitioner to plead guilty because Petitioner did not plead guilty, he went to trial. Petitioner's claims regarding counsel's failure to obtain evidence and witnesses have been addressed previously, and will not be repeated here. For these reasons, this ground fails.

> **Grounds Four and Five:** Failing to urge the Court to weigh Petitioner's culpability against his co-defendants, and request re-sentencing for all defendants based on sentencing disparity.

The Court previously addressed these claims in Grounds One and Two, and will not repeat itself here. For the reasons stated above, Petitioner is not entitled to relief on these grounds.

> **Ground Six:** Failing to challenge the sufficiency of the evidence and failing to seek a "comparable plea" that would have resulted in a downward departure.

Petitioner's allegations are factually incorrect. At trial, defense counsel objected to the admission of evidence, and witness testimony many times. (i.e. CR Dkt. #192 at 234,

283, 285, 287, 288; CR Dkt. #193 at 23, 24, 29, 30, 32-36, 76-86, 94-98, 164, 168, 171, 173, 179, 181, 197-99, 203, 206-208, 242, 248-251, 254, 258-59, 261-65, 267-69, 271-73, 278-79, 281, 286-88, 295, 299-300.)  Further, Petitioner admits that appellate counsel addressed the sufficiency of evidence on direct appeal.  He contends, however, that essential facts and evidence were excluded from that brief including evidence showing that the *Punta* was at sea for twenty-one days for fishing purposes before it was interdicted by the Coast Guard, and that the *Punta* was actually headed away from the United States.  (CV Dkt. #2 at 34.)  By Petitioner's own admission, appellate counsel did not have this evidence prior to filing the brief with the Eleventh Circuit.  Even if counsel had presented this evidence, Petitioner can not demonstrate that the outcome of the trial would have been altered because the Eleventh Circuit concluded that the Government presented sufficient evidence to support Petitioner's conviction, and the inference that the *Punta* was not at sea for fishing purposes.  Since Petitioner fails to prove the two prongs of *Strickland*, he is not entitled to relief on this ground.

Petitioner also argues that his lawyer was ineffective because he "failed to seek a comparable plea that would have resulted in a three level reduction of responsibility." (CV Dkt. #2 at 34.)  The Court can not determine what Petitioner intended to argue regarding a plea agreement because Petitioner admits that counsel "did strive to coerce Petitioner into signing a plea" that would have resulted in "a three point reduction" in his sentence. (CV Dkt. #2 at 34.)  Petitioner's failure to take counsel's advice does not render counsel's performance deficient.  Therefore, this ground fails.

**Ground Seven:** the Court did not have jurisdiction to hear the case and the Maritime Drug Law Enforcement Act is unconstitutional.

The Court addressed these claims at Ground Two above, and finds no reason to repeat them here. For the reasons stated above, Ground Seven fails.

The Court finds no grounds upon which relief can be granted. Therefore, this § 2255 Motion should be denied.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1.Petitioner's Motion for Acknowledgment of Clerical Error and for Equitable Tolling Nunc Pro Tunc (CV Dkt. #3) is GRANTED.

2.Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

3.The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 2, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2007\07-cv-1979.deny 2255.wpd