# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RUBEN ORLANDO ESCOBAR,

    Petitioner,

v.                                                     CASE NO: 8:02-cr-228-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

Before the Court is Petitioner's "Motion for Reduction of Sentence Based on Guideline Amendment 503 Effective November 1994, Concerning a Reasonable Foreseeability Finding in Conjunction With § 1B1.3(a) Relevant Conduct, for § 2D1.1(b)(1) Enhancement Base on Co-Conspirator's Conduct to Apply" (Dkt. 315).

## BACKGROUND

On May 29, 2002, Petitioner and eight other defendants were convicted in a jury trial of the following charges: (1) possessing five kilograms or more of a mixture or substance containing a detectable amount of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 App. U.S.C. § 1903(a) and 1903(g)1, 18 U.S.C. § 2, and 21 U.S.C. § 841(b)(1)(A)(ii); and (2) conspiracy to possess cocaine with intent to distribute while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903 subsections (a),(g), and (j), and 21 U.S.C. § 841(b)(1)(A)(ii).

Petitioner and his co-defendants were members of a crew aboard a fishing vessel known as the Punta del Este ("Punta") that was interdicted in the Pacific Ocean. At trial, the government put on evidence that 4,665 kilograms of cocaine, valued at $100,000,000, were found aboard the vessel while the fishing equipment - - - rusted hooks, unused fishing line, tangled fishing net, cluttered deck, ice in blocks in the fish hold - - - indicated that the defendants were not engaged in fishing activity.

On February 14, 2003, Petitioner was sentenced to 292 months imprisonment and five years of supervised release. Petitioner and the co-defendants appealed their convictions to the United States Court of Appeals for the Eleventh Circuit. On March 4, 2004, the Eleventh Circuit affirmed some of the defendants' convictions, including Petitioner's, but vacated the sentences of four co-defendants.

Petitioner moves the Court pursuant to 18 U.S.C. § 3582(c) to reduce his sentence under Amendment 503 to the United States Sentencing Guidelines. "Amendment 503, effective November 1, 1994, clarified U.S.S.G. § 1B1.13, which provided a method for calculating a defendant's specific offense characteristics, by mandating that the actions of co-conspirators before the defendant joined the conspiracy could not amount to relevant conduct. See U.S.S.G. App C, Amend. 503." *United States v. Val Saint*, 319 Fed. Appx. 842, 845 (11th Cir. 2009). Petitioner complains that his sentence was improperly enhanced based on a co-conspirator's possession of a firearm.

This Court has authority to modify or correct a previously imposed sentence only in the circumstances set out in 18 U.S.C. § 3582(c). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1)(A); (2) under Fed. R. Crim. P. 35 (on the government's motion to reduce a sentence for substantial assistance or to correct a clerical mistake within fourteen days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been *subsequently* lowered, and a modification of sentence is consistent with the guidelines' policy statements. 18 U.S.C. § 3582(c)(2). The effective date of Amendment 503 was November 1994. *Val Saint*, 319 Fed. Appx. at 845. Petitioner was sentenced in 2003. Amendment 503 is not a modification to the guidelines that occurred subsequent to Petitioner's sentence. Thus, because the effective date of Amendment 503 was well before Petitioner was sentenced, he cannot argue that he was sentenced to a term of imprisonment that has subsequently been lowered by the U.S. Sentencing Commission. *See United States v. Herrera-Garcia*, 422 F.3d 1202, 1203 (10th Cir. 2005) (where the effective date of a Guidelines amendment was well before petitioner was sentenced, he cannot argue that he was "sentenced to a term of imprisonment … that has subsequently been lowered by the Sentencing Commission"). Therefore, this Court is without authority to reduce his sentence.

Accordingly, the Court **ORDERS** that Petitioner's "Motion for Reduction of Sentence Based on Guideline Amendment 503 Effective November 1994, Concerning a Reasonable Foreseeability Finding in Conjunction With § 1B1.3(a) Relevant Conduct, for § 2D1.1(b)(1)

3

Enhancement Base on Co-Conspirator's Conduct to Apply" (Dkt. 315) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 18, 2010.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to:
Petitioner, *pro se*
Counsel of Record