UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:02-CR-228-T-30EAJ

RUBEN ORLANDO ESCOBAR
_____/

## ORDER

**THIS CAUSE** is before the Court upon the Motion of Ruben Orlando Escobar (Dkt. #317) titled Motion for Modification or Reduction of Sentence Based Upon an Intervening Post-Sentencing Assessment in Nature and Circumstances of Offense History and Characteristics of Defendant, Disparity With Others Sentencing in Defendant With Same Characteristics and Post Rehabilitation of Defendant Under 18 U.S.C. 3582 and 3553(a).

Defendant, one of nine individuals convicted of transporting approximately $100,000,000 of cocaine in a vessel subject to the jurisdiction of the United States, was sentenced to 292 months in prison. Some of his co-defendants were, upon direction from the Eleventh Circuit, sentenced to 120 months imprisonment. Defendant now asks this Court to make a "post-sentencing assessment" and reduce his sentence. Escobar lost his appeal to the Eleventh Circuit on this same sentencing issue.

On March 28, 2005, Escobar filed a Motion for Leave to File Petitioner's Brief and Arguments Out of Time (Dkt. #279) and attached his proposed § 2255 Motion. The Court

was not aware that Escobar had actually filed a § 2255 petition because it was attached as an exhibit and was not mentioned in his Motion. Nevertheless, the § 2255 petition was timely filed.

Escobar now complains that this Court:

(A)ddressed the motion to file the late brief in support, and completely disregarded the § 2255 motion that petitioner filed, denying the action completely. The Court never considered the § 2255 in any fashion, nor did the Court ever give notice it was improperly filed, any chance to correct, nor returned any notice to petitioner it was not ruling on the § 2255 motion in any manner.

\* \* \*

On or about March 2007, petitioner again sought to give notice he had filed a § 2255 motion, and the Court responded no § 2255 was never (sic) filed, even though shows (sic) these motions were filed by certified mail, and at no time has the Court taken any time to inquire into this matter, refusing and rejecting every attempt of Petitioner's to correct it.

Escobar is understandably concerned that he was not given the same ten year sentence as some of his co-defendants. He raised that issue on direct appeal with the Eleventh Circuit and it was because of that appeal that this Court was directed to resentence some of his co-defendants to ten years. But Escobar's sentence of 292 months was affirmed. And the Eleventh Circuit held that this Court had no authority to change the sentence once it was entered. The best explanation for this Court's lack of authority to change Escobar's sentence is set forth in the Eleventh Circuit opinion, a copy of which will again be sent to Escobar. In his motion, Escobar cites 18. U.S.C. § 3582(c)(2) as a basis for this Court to modify his sentence. But that statute only applies when a sentencing range has subsequently been

lowered by the Sentencing Commission, which is not the case here.

As to his earlier filed § 2255 petition, Escobar is incorrect that this Court has never considered it. In 2007, Escobar filed another § 2255 petition. When this Court realized that Escobar had filed an earlier petition in 2004, it reinstated his 2004 petition and treated the 2007 petition as an amendment. It then considered Escobar's claims on the merits and, on April 2, 2008, entered an Order (Dkt. #301) denying his § 2255 petition. The reasons for that denial are set forth in the Order, a copy of which will again be sent to Escobar.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Reduce Sentence (Dkt. #317) is DENIED because the Court lacks authority to modify his sentence.

2. The Clerk is directed to mail Defendant a copy of the Eleventh Circuit Court's opinion (Dkt. #255) and this Court's Order (Dkt. #301) dated April 2, 2008.

**DONE** and **ORDERED** in Tampa, Florida on August 11, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2002\02-cr-228.ruben reduce 317.wpd