UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUBEN ORLANDO ESCOBAR,

    Petitioner,

v.                                              Case No:  8:02-cr-228-T-30AAS

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Ruben Orlando Escobar's Motion Under 18 U.S.C. § 3582(c)(2) for Modification of Sentence by a Person in Federal Custody (Doc. 364), which the Court construes as a successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1]  By his motion, Escobar asserts that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551, *declared retroactive by Welch v. United States*, 136 S. Ct. 1257 (2016).  Because Escobar's motion is an unauthorized, successive § 2255 motion, it should be dismissed.

---

[1] Petitioner asserts that he should be entitled to relief under § 3582(c)(2) based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  However, § 3582(c)(2) only applies when a sentencing range has been subsequently lowered by the Sentencing Commission.  There was no lowering of the sentencing range as a result of *Johnson*; § 3582(c)(2) is therefore inapplicable.  Recognizing Petitioner's pro se status, the Court accords his motion liberal construction and construes the motion as a successive § 2255.  The motion is successive because Petitioner previously filed a § 2255 motion, which was denied on the merits, on November 1, 2007.  *See Escobar v. United States*, No. 8:07-cv-1979-T-30AAS (M.D. Fla. 2007).

## BACKGROUND

On May 29, 2002, Petitioner and eight other defendants were convicted following a jury trial of (1) possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix, U.S.C. § 1903(a), (g)(1), 18 U.S.C. § 2, and 21 U.S.C. § 841(b)(1)(A)(ii), and (2) conspiracy to possess five kilograms or more of cocaine with intent to distribute while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix, U.S.C. § 1903(a), (g), (j), and 21 U.S.C. § 841(b)(1)(A)(ii).  (Doc. 92).  On February 14, 2003, Petitioner was sentenced to 292 months' imprisonment on both counts to run concurrently, to be followed by five years' supervised release.  (Doc. 169).  Petitioner filed an appeal, and his convictions and sentences were affirmed by the Eleventh Circuit.  (Docs. 180, 255).

On November 1, 2007, Petitioner filed a motion pursuant to § 2255.  *See Escobar v. United States*, No. 8:07-cv-1979-T-30AAS (M.D. Fla. 2007).  His motion was denied as without merit.

## DISCUSSION

Petitioner's present construed § 2255 motion is a second or successive motion. Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move in the appropriate court of appeals for an order authorizing the district court to consider the second or successive motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  A three-judge panel of the court of

appeals may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has not received authorization to file a second or successive habeas petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his motion and it should be dismissed. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the appropriate court of appeals, a] district court lacks jurisdiction to consider a second or successive petition.").

However, for Petitioner's benefit, the Court notes he would not be entitled to relief under *Johnson*. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), defining a violent felony as a crime "involv[ing] conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563.

Petitioner was not sentenced pursuant to the ACCA, and *Johnson* has no application to Petitioner's sentence. Thus, Petitioner would not be entitled to relief under *Johnson*.

# ">

## **CONCLUSION**

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.	Petitioner Ruben Orlando Escobar's construed motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 364) is DISMISSED.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of August, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record